United States District Court
Southern District of Texas

**ENTERED**

May 06, 2025

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LISA MONCERRATO MOREIRA SOTO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-25-1362 |
| | § | |
| SHERIFF DONALD G. SOWELL, | § | |
| | § | |
| Respondent. | § | |

## ORDER TO SHOW CAUSE

On March 24, 2025, this court received an "Emergency Writ of Habeas Corpus" (the "Petition") (Docket Entry No. 1) purported to be filed on behalf of Lisa Moncerrato Moreira Soto, a detainee at the Grimes County Jail.  The Petition was signed and filed on Soto's behalf by an individual named Kafil Tunsill who identified himself as Soto's trustee.[1]  The Petition appeared to challenge Soto's confinement on charges related to the unauthorized use of a motor vehicle.[2] The Petition sought the immediate release of Soto, dismissal of the pending criminal charges against Soto, and an investigation into prosecutorial misconduct.  On March 31, 2025, the court entered an Order to Correct Deficient Pleadings, explaining that because the pleadings do not comport with the Rules Governing Section 2254 Cases in the United States District Courts,

---

[1] See Petition, Docket Entry No. 1, p. 3.

[2] Id. at 1.

the Petition would be struck from the record.[3]  The March 31 Order explained that Tunsill cannot represent Soto's interests in this habeas action because Tunsill does not allege or show that he is licensed to practice law in the State of Texas and is proceeding as Soto's attorney.  The Order, however, gave Soto an opportunity to replead by filing an amended petition within 30 days of the date of the Order.

Instead of complying with the March 31 Order, a Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 By Next Friend (the "Amended Petition") (Docket Entry No. 9) was filed by Tunsill.  In the Amended Petition, Tunsill purports to represent Soto as "next friend."[4]  There are at least two issues with the Amended Petition.  First, the claims were not filed on an approved form as instructed by the court in its Order of March 31, 2025.[5]  Second, it is not clear whether the court has jurisdiction to hear this case because it does not appear that Tunsill satisfies the requirements to represent Soto as next friend.

Federal law provides that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."  28 U.S.C. § 2242.  Courts do not automatically grant

---

[3] See Order of March 31, 2025, Docket Entry No. 7.

[4] See Amended Petition, Docket Entry No. 9, p. 1.

[5] See Order of March 31, 2025, Docket Entry No. 7; see also Rule 1(b) and Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts.

"next friend" status under § 2242 to anyone that seeks to pursue an action on behalf of a petitioner. See Whitmore v. Arkansas, 110 S. Ct. 1717, 1727 (1990). To qualify for "next friend" status, the filer first "must provide an adequate explanation" as to "why the real party in interest cannot appear on his own behalf to prosecute the action." Id. (citations omitted). Second, the filer must establish that he is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate" and that he has "some significant relationship with the real party in interest." Id. "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." Id.

Tunsill has not satisfied his burden to establish the propriety of his status as "next friend" for Soto. The question of the court's jurisdiction to hear the Amended Petition, therefore, requires further development. See Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978) (explaining that "the court is without jurisdiction to consider the petition" "when the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device").

If Tunsill seeks to pursue this action on Soto's behalf, he must file a response, within **fourteen (14) days** of the date of this Order, as to why he may represent Soto as next friend that: (1) explains why Soto cannot prosecute this case on her own at this

-3-

time; (2) establishes that he is truly dedicated to the best interests of Soto; and (3) shows a significant relationship with Soto.

It is therefore **ORDERED**:

1. The Amended Petition (Docket Entry No. 9) is **STRICKEN** from the record for failure to comply with the court's Order of March 31, 2025, and the Rules Governing Section 2254 Cases in the United States District Courts.

2. The Emergency Motion for Reconsideration and Expedited Hearing on Pending Petition for Writ of Habeas Corpus (Docket Entry No. 12) is **DENIED** without prejudice.

3. The Emergency Motion for Temporary Injunction (Docket Entry No. 13) is **DENIED** without prejudice.

4. That Kafil Tunsill must respond within **fourteen (14) days** of the date of this Order as outlined above and show cause why this action should not be dismissed for lack of jurisdiction.

Failure to comply fully as directed within the time allowed will result in the dismissal of this proceeding under Rule 41(b) of the Federal Rules of Civil Procedure without further notice.

The Clerk shall provide a copy of this order to the parties.

**SIGNED** at Houston, Texas, on this 5th day of May, 2025.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-4-