United States District Court
Southern District of Texas

**ENTERED**

October 03, 2025

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LISA MONCERRATO MOREIRA SOTO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-25-1362 |
| | § | |
| SHERIFF DONALD G. SOWELL, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

This case was initiated by an individual named Kafil Tunsill, who seeks to proceed as "next friend" on behalf of Lisa Moncerrato Moreira Soto, who was detained at the Grimes County Jail when the case was filed. Tunsill seeks habeas relief on behalf of Soto. As will be explained, the petition filed by Tunsill on Soto's behalf will be dismissed for lack of subject matter jurisdiction because Tunsill does not meet the requirements to represent Soto as next friend.

## I. Background

On March 24, 2025, the court received an "Emergency Writ of Habeas Corpus" (the "Original Petition") (Docket Entry No. 1) from Tunsill, allegedly signed on behalf of Soto as her trustee.[1] The Original Petition appeared to challenge Soto's confinement on state

---

[1]See Original Petition, Docket Entry No. 1, p. 3.

charges related to the unauthorized use of a motor vehicle.[2]  The Original Petition sought the immediate release of Soto, dismissal of the pending criminal charges against Soto, and an investigation into prosecutorial misconduct.[3]

On March 31, 2025, the court entered an Order to Correct Deficient Pleadings ("Order"), explaining that because the pleadings do not comport with the Rules Governing Section 2254 Cases in the United States District Courts, the Original Petition would be struck from the record.[4]  The Order explained that Tunsill cannot represent Soto's interests in this habeas action because Tunsill does not allege or show that he is licensed to practice law in the State of Texas and is proceeding as Soto's attorney.[5]  The Order gave Soto an opportunity to replead by filing an amended petition within 30 days.[6]

Instead of complying with the Order, Tunsill, who purported to represent Soto as "next friend," filed a Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 By Next Friend ("First Amended Petition").[7]  Because the First Amended Petition did not show Tunsill satisfied the requirements to represent Soto

---

[2]Id. at 1.

[3]Id. at 3.

[4]See Order, Docket Entry No. 7, p. 2.

[5]Id. at 3.

[6]Id. at 4 ¶ 6.

[7]See First Amended Petition, Docket Entry No. 9, p. 1.

as next friend, the court entered an Order to Show Cause, directing Tunsill to respond and show cause as to why this action should not be dismissed for lack of jurisdiction.[8]    Tunsill was directed to file a response that:  "(1) explains why Soto cannot prosecute this case on her own . . .; (2) establishes that [Tunsill] is truly dedicated to the best interests of Soto; and (3) shows a significant relationship with Soto."[9]    The Order to Show Cause also explained that because the First Amended Petition failed to comply with the court's Order of March 31, 2025, and the Rules Governing Section 2254 Cases in the United States District Courts, it would be struck from the record.[10]

Tunsill has responded to the Order to Show Cause by filing a Response to Order to Show Cause By Next Friend Kafil Tunsill ("Tunsill's Response").[11]    The argument section of Tunsill's Response states in full:

### I.  WHY THE REAL PARTY CANNOT PROSECUTE THIS CASE HERSELF

Lisa Soto is currently detained in Grimes County Jail under circumstances that deprive her of access to proper legal counsel and impair her ability to competently file pleadings pro se.  She has no access to legal materials, typewriting tools, or notary services.  Moreover, her emotional and physical condition, including severe vomiting of blood and lack of medical attention, further renders her incapable of asserting her own legal rights at this time. These facts have been verified by myself and her biological family and are supported by affidavits already on record.

---

[8]See Order to Show Cause, Docket Entry No. 17.

[9]Id. at 3-4.

[10]Id. at 4 ¶ 1.

[11]See Tunsill's Response, Docket Entry No. 18.

## II.   DEDICATION TO HER BEST INTERESTS

I am legally appointed by Lisa Soto as her Power of Attorney and Next Friend, recorded in Brazos County under official record. I have personally traveled thousands of miles at my own expense, not for profit or recognition, but out of moral and spiritual duty.  I am the founder of the Serving Humanity Trust, a lawful, spiritual mission exclusively dedicated to serving the oppressed, particularly women and children.  My service to Lisa has been continuous, sacrificial, and has earned full support of her family, including notarized statements of endorsement. I have never sought compensation and have only acted with her liberty and wellbeing in mind.

## III.   SIGNIFICANT RELATIONSHIP WITH LISA SOTO

I have a verified fiduciary and familial relationship with Lisa Soto, formalized through a recorded power of attorney and supported by her mother, father, and other immediate family members.  I am in regular contact with them and have taken direct steps in legal, medical, and logistical matters since her unlawful detainment and since her daughter was taken in October 2024.  I am recognized as her lawful fiduciary by Lisa and her family, not by my own claim, but by written, sworn instruments on file in public record.[12]

Tunsill has also filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Second Amended Petition") (Docket Entry No. 19).  Also, Soto has filed her own Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Soto's § 2241 Petition").[13]

## II.   Analysis

A.   Tunsill's Response and the Second Amended Petition

As a threshold matter, the court must determine whether it has subject-matter jurisdiction to consider a habeas petition filed on Soto's behalf by Tunsill.  See Fed. R. Civ. P. 12(h)(3) ("If the

---

[12]Id. at 1-3.

[13]Docket Entry No. 20.

-4-

court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); Home Builders Association of Mississippi, Inc. v. City of Madison, Mississippi, 143 F.3d 1006, 1010 (5th Cir. 1998) ("'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'") (quoting Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996)); Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978) (explaining that "the court is without jurisdiction to consider the [habeas] petition" "when the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device").

The federal habeas statutes provide an exception to the general rule that individuals who do not hold a law license may not represent other parties. Federal law provides that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. Courts do not automatically grant "next friend" status under § 2242 to anyone who seeks to pursue an action on behalf of a petitioner. See Whitmore v. Arkansas, 110 S. Ct. 1717, 1727 (1990).

To qualify for "next friend" status, the filer first "must provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest

cannot appear on his own behalf to prosecute the action."
Whitmore, 110 S. Ct. at 1727 (citations omitted).  "[T]hat explana-
tion must be supported by relevant proof.  For example, speculation
that a would-be petitioner cannot act for himself due to 'mental
incapacitation' will not suffice without a medical professional's
opinion to support it."  Fanciullo by next friend Fanciullo v.
Hillhouse, Civil Action No. 6:23cv286, 2023 WL 6388084, at *1 (E.D.
Tex. June 30, 2023) (citing Aguilar v. Bragg, 463 F. App'x 333, 334
(5th Cir. 2012)), report and recommendation adopted, No. 6:23-cv-
00286, 2023 WL 6387367 (E.D. Tex. Sept. 29, 2023).

The filer must also establish that he is "truly dedicated to
the best interests of the person on whose behalf he seeks to
litigate" and that he has "some significant relationship with the
real party in interest."  Whitmore, 110 S. Ct. at 1727.  "The
burden is on the 'next friend' clearly to establish the propriety
of his status and thereby justify the jurisdiction of the court."
Id.

Tunsill fails to establish that he can continue to litigate
this action on Soto's behalf as next friend.  First, Tunsill has
not demonstrated that Soto cannot prosecute this case on her own.
Tunsill alleges that Soto's "emotional and physical condition" and
severe vomiting preclude her from filing her own petition.[14]
Tunsill does not explain, however, why these circumstances preclude

---

[14]Tunsill's Response, Docket Entry No. 18, pp. 1-2 ¶ I.

Soto from representing her own interests.  Tunsill offers no proof in support of his statements that Soto cannot care for her own interests in this case.[15]  Absent any supporting evidence, Tunsill has not met his burden and cannot proceed as Soto's next friend. See, e.g., State of Texas v. Prek on behalf of Prek, Civil Action No. 4:17-CV-865-O, 2017 WL 6766187, at *1 (N.D. Tex. Oct. 30, 2017) (finding that a wife who sought to proceed as next friend on behalf of her husband did not meet her burden for next friend status when the wife did not provide any documentary evidence of her husband's alleged mental and physical disabilities); United States v. Barrandey, No. MO:11-CR-00048(2)-RAJ, 2015 WL 13387868, at *5 (W.D. Tex. May 6, 2015) (explaining that "[c]ourts in this circuit have uniformly denied next friend status to friends and family members of incarcerated persons whenever the prospective next friends have failed to produce evidence clearly demonstrating the prisoners' incompetence" and finding that "where, as here, a prospective next friend does not even allege that the prisoner in question is incompetent, the prospective next friend has clearly failed to meet his burden under Whitmore") (citing authorities); Welsh as next friend of Wilson v. McLane, A-20-CV-792-RP, 2020 WL 5865987, at *2 (W.D. Tex. Oct. 1, 2020) (finding that individual seeking next friend status did not meet his burden to show that the real party in interest could not appear on his own behalf to prosecute the

---

[15]To the contrary, as will be discussed later, Soto has filed her own habeas petition in this matter.

-7-

action when the prospective next friend did not provide any documentation or other evidence supporting his allegations that the real party in interest had a low IQ and suffered from mental health problems).

Tunsill also fails to show that he has "some significant relationship" with Soto. Tunsill has not alleged or demonstrated that he is Soto's spouse or close family member. Tunsill claims that he has Soto's power of attorney, but he has not submitted with his Response a copy of any document purporting to bestow him with that power. Even if he had, however, the mere fact that the filer holds a power of attorney over the putative petitioner does not demonstrate that the filer has a significant relationship with the real party in interest or that the filer is "truly dedicated to the best interests" of the putative petitioner. See, e.g., Wiley v. Texas, No. 3:25-CV-922-D-BW, 2025 WL 1829835, at *2 (N.D. Tex. June 24, 2025) (finding that the filer failed to satisfy next friend status and finding that "to the extent C. Wiley seeks to represent A. Wiley in this habeas action on the basis of a purported power of attorney, he 'fails to understand that a power-of-attorney does not present an individual with the right to represent someone as 'next friend' in a pro se capacity and to act as an actual attorney.'") (quoting Schreck by & through Schreck v. City of Amarillo, No. 2:21-CV-220-Z-BR, 2021 WL 5178855, at *3 (N.D. Tex. Nov. 8, 2021), report and recommendation adopted, No. 3:25-CV-0922-D, 2025 WL 1828716 (N.D. Tex. July 2, 2025);

-8-

<u>Stubblefield v. United States Marshal Gary Blankinship</u>, Civil Action No. H-18-0801, 2018 WL 1730316, at *1 (S.D. Tex. April 10, 2018) ("Assuming <u>arguendo</u> that petitioner gave White-El a 'special power of attorney,' it does not, standing alone, suffice to justify 'next friend' status in this habeas proceeding.'") (citing <u>Weber</u>, 570 F.2d at 514); <u>Bell v. United States,</u> No. 3:24-cv-02971-E (BT), 2024 WL 5345089, at *1 n.1 (N.D. Tex. Dec. 10, 2024) ("An executed power of attorney, however, does not authorize a non-lawyer to file a habeas corpus petition on behalf of a petitioner as a 'next friend.'" (citing <u>Weber,</u> 570 F.2d at 514), <u>report and recommendation adopted,</u> No. 3:24-cv-02971-E (BT), 2025 WL 256989 (N.D. Tex. Jan. 21, 2025).

To the contrary, it appears that Tunsill preys on vulnerable individuals who seek relief from the legal system. In 2024, the United States Bankruptcy Court for the Middle District of Florida fined Tunsill $12,500 after finding that he violated several provisions of the Bankruptcy Code.[16] As explained by a United States Department of Justice Press Release dated April 23, 2024, Tunsill has been permanently enjoined by the United States Bankruptcy Court for the Middle District of Florida from acting as a bankruptcy petitioner preparer for providing unauthorized legal advice to debtors in foreclosure. According to the Press Release:

---

[16]See <u>Mary Ida Townson, U.S Trustee, Region 21 v. Kafil Hamim Quaiyum Tunsill d/b/a "Serving Humanity" (In re Jeffrey Leon Sutton)</u>, Adversary No. 3:23-ap-00060-JAB, Docket Entry No. 26 and Docket Entry No. 27 (Bankr. M.D. Fla. Feb. 12, 2024).

Two bankruptcy petition preparers who hid their involvement while providing unauthorized legal advice to debtors in foreclosure were barred from providing bankruptcy-related services, thanks to enforcement actions by the Justice Department's U.S. Trustee Program (USTP).

On Feb. 12, the Bankruptcy Court for the Middle District of Florida entered an order permanently enjoining Kafil Hamim Quaiyum Tunsill from acting as a bankruptcy petition preparer in the district. Tunsill was also fined $12,500 and ordered to refund $1,900 to the debtor. Although Tunsill answered the adversary complaint filed by the U.S. Trustee's office in Orlando, he did not respond to the U.S. Trustee's motion for summary judgment, which the Bankruptcy Court granted.

. . .

The Bankruptcy Code strictly regulates the services of bankruptcy petition preparers, commonly known as BPPs. BPPs are not attorneys, cannot give legal advice or practice law and generally are limited to typing information provided by debtors into bankruptcy forms for the debtors to file. The Code requires BPPs to disclose information about their fees and services to the debtors and to the bankruptcy court.

"Unscrupulous bankruptcy petition preparers often craft schemes to exploit debtors fearful of losing their homes to foreclosure," said Director Tara Twomey of the Executive Office for U.S. Trustees. "The Program aggressively roots out BPPs who harm consumers and taint the bankruptcy system through fraud, abuse and the unauthorized practice of law."

In the Florida case, Tunsill, who used the business name Serving Humanity, located the debtor by reviewing foreclosure dockets. He then knocked on the debtor's door and offered to help the debtor avoid foreclosure for a fee. He gave the debtor legal advice about bankruptcy and helped prepare and file a chapter 13 bankruptcy case as well as a lawsuit against the debtor's mortgage servicer, both of which were eventually dismissed. The court's order against Tunsill noted that he had engaged in fraudulent, deceptive or bad-faith conduct in other cases, including four bankruptcies that he filed for himself.

Press Release dated April 23, 2024, <u>U.S. Trustee Program Enforcement Leads to Injunctions, Fines Against Bankruptcy Petition Preparers Who Targeted Vulnerable Consumers in Foreclosure,</u> available at https://www.justice.gov/archives/opa/pr/us-trustee-program-enforcement-leads-injunctions-fines-against-bankruptcy-petition-preparers (last accessed Sept. 29, 2025).[17]

The requirements that the putative next friend establish that he is truly dedicated to the best interests of the person on whose

---

[17]The Kafil Tunsill from the DOJ press release and the Kafil Tunsill who seeks next friend status in this case are the same. As noted in the Press Release, Tunsill used the business name Serving Humanity in the Middle District of Florida case, and he uses the same business name in this case. (<u>See</u> Tunsill's Response, Docket Entry No. 18, p. 2.) Although he provided a Jacksonville, Florida, address in the Middle District of Florida case, in a recent bankruptcy case he filed in the Northern District of Florida Tunsill provided the address 2745 Miccosukee Rd, Tallahassee, FL 32308. (<u>See</u> In Re: Kafil Hamin Quaiyum Tunsill, Case No. 25-40091, Docket Entry No. 1, p. 2 (Bankr. N.D. Fla.)). This Tallahassee address is the same address he has provided in this case. (<u>See, e.g.,</u> Original Petition, Docket Entry No. 1, p. 3.)

In addition to the present case and the bankrupcty cases in Florida, it appears that Tunsill has continued to seek out opportunities to try and represent vulnerable individuals in court. A case search of Kafil Tunsill on the Public Access to Court Electronic Records (the "PACER" System) reveals that earlier this year Tunsill filed a lawsuit under 42 U.S.C. § 1983 in the United States District Court for the Western District of Tennessee, in which he seeks to proceed as next friend on behalf of another individual. <u>See Kafil Tunsill, et al. v. Judge Deborah M. Henderson,</u> Civil Action No. 2:25-cv-2408, Docket Entry No. 1 (W.D. Tenn.). According to the complaint in that case, Tunsill purports to represent Linol Nichols - "an elder individual incapable of self-representation" - as next friend. <u>Id.</u> at Docket Entry No. 1, p. 2. The complaint sues Judge Deborah M. Henderson, a judge with the Circuit Court of Shelby County, Tennessee, after Judge Henderson did not allow Tunsill to represent Nichols. In the federal court case, the magistrate judge who has been assigned to the case has recommended that the complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B). <u>See id.</u> at Docket Entry No. 10.

behalf he seeks to litigate, and that the putative next friend has some significant relationship with the real party in interest, are guided by "the recognition that '[i]t was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends.'" Whitmore, 110 S. Ct. 1717, 1727-28 (quoting United States ex rel. Bryant v. Houston, 273 F. 915, 916 (2d Cir. 1921)).

Because Tunsill fails to meet his burden to show that he may proceed as Soto's next friend, the Second Amended Petition must be dismissed for lack of subject matter jurisdiction.

## B.    Soto's § 2241 Petition

Soto has filed her own § 2241 Petition.[18]  Correspondence from the court sent to Soto was returned to the court on June 27, 2025.[19] To the extent that Soto intended to file and prosecute her own habeas petition, Soto has not complied with Rule 83.4 of the Local Rules for the Southern District of Texas, Houston Division, which states that a pro se litigant is responsible for keeping the Clerk advised in writing of his or her current address.

As a general rule, "litigants, including prisoners, 'bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change.'" Snyder v. Nolen, 380 F.3d 279, 285 (7th Cir. 2004) (per curiam)

---

[18]See Soto's § 2241 Petition, Docket Entry No. 20.

[19]See Docket Entry No. 25.

-12-

(quoting <u>Theede v. United States Dep't of Labor,</u> 172 F.3d 1262, 1267 (10th Cir. 1999)).   The Fifth Circuit has observed that a <u>pro se</u> litigant's failure to notify a district court of an address change may be considered "cause for dismissal for failure to prosecute." <u>Lewis v. Hardy,</u> 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (per curiam) (noting that the plaintiff failed to comply with a local rule requiring written notice of change of address).

Under the inherent powers necessarily vested in a district court to manage its own affairs, the court concludes that dismissal of Soto's § 2241 Petition for want of prosecution is appropriate. <u>See</u> Fed. R. Civ. P. 41(b); <u>see also Larson v. Scott,</u> 157 F.3d 1030, 1031 (5th Cir. 1998) (noting that a district court may dismiss an action <u>sua</u> <u>sponte</u> for failure to prosecute or to comply with any court order).

### III.  **Conclusion and Order**

The court **ORDERS** as follows:

1.   The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Second Amended Petition") (Docket Entry No. 19) filed by Kafil Tunsill on behalf of Lisa Moncerrato Moreira Soto is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

2.   The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Soto's § 2241 Petition") (Docket Entry No. 20) filed by Lisa Moncerrato Moreira Soto is **DISMISSED without prejudice** for want of prosecution.

3.   Any pending motions are **DENIED** as moot.

-13-

4.    To the extent such is necessary, a certificate of
      appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and

Order to the parties.

**SIGNED** at Houston, Texas, on this 3rd day of October, 2025.


                                    SIM LAKE
                    SENIOR UNITED STATES DISTRICT JUDGE


-14-